UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CV-21075-BLOOM/OTAZO-REYES

ANN BARNETT,
    Plaintiff,
vs.
CITY OF OPA-LOCKA, FLORIDA,
a municipal corporation authorized to
do business under the laws of the State
of Florida,

    Defendant.
_____/

# AMENDED COMPLAINT

Plaintiff, ANN BARNETT ("Plaintiff" or "Barnett"), files this Amended Complaint and sues the CITY OF OPA-LOCKA, FLORIDA ("Defendant" or "CITY") for damages, demands a trial by jury, and hereby states as follows:

1. This is an action to recover damages stemming from Defendant's retaliatory and adverse actions and other relief by an eight (8) year employee of the CITY OF OPA-LOCKA who was the subject of an adverse personnel action and outrageous harassment by the CITY during the scope of her employment as retaliation for disclosing on her own initiative multiple acts of illegality, misconduct, and malfeasance by CITY officials as outlined herein.

2. Plaintiff brings the following claims against the Defendant: 1) violation of the Family and Medical Leave Act (herein "FMLA"); 2) violation of the Fair Labor Standards Act (herein "FLSA"); and 3) violation of the Florida Whistleblower Statute.

3. This Court has original jurisdiction over Plaintiffs claims arising out of the FMLA pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state and common law

claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the Plaintiff's claims occurred in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff has been employed by Defendant CITY for over eight (8) years;

6. In 2016, Plaintiff was employed in the water customer billing department of the CITY;

7. The Plaintiff, during her employment, reported the following:

   a. During her period of employment, the residents and businesses have not been given accurate water bills.

   b. The CITY has attempted to retroactively increase and inflate the water bills of residents and businesses.

   c. Many of the water accounts should already have been given credits for overpayments and the CITY has not done so.

   d. Plaintiff was instructed not to return customer water deposits to residents upon request when they closed their accounts.

   e. Instead, Plaintiff was instructed by the CITY not to return customers' water deposits upon the customers' initial requests when they closed their accounts in order to give the CITY an opportunity to increase the amount owed so there will be a zero balance and the CITY can avoid returning the deposit. She was instructed to only process the return of any deposits if the customer continued to make repeated requests.

   f. The CITY has also delayed crediting the accounts of businesses that are

2

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

owed money back for overbilling.

    g.    The CITY takes the position that water bills constitute a lien on all customer accounts.

    h.    The CITY has begun an initiative to decrease outstanding debts by placing liens on existing water accounts, including those that are in dispute.

    i.    The CITY uses Data Forms that are completed by customer service at the request of customers closing their accounts to request refunds of their water deposits.

    j.    From February 2019 to the present, over 400 CITY water customers submitted requests for deposit refunds.

    k.    They were never processed because the CITY gave directions to not process unless the customers complained and made follow-up requests.

    l.    Hundreds of customers requested reviews of their accounts with complaints of over-billing from 2016 to 2019.

    m.    The direction was to place them on a pile and not address them because the CITY had determined that the priority was billing.

    n.    When Plaintiff looked for the adjustment requests in 2019 they had disappeared.

    o.    Although the CITY has not processed the customer requests for return of deposits and requests for adjustments over billing, the CITY has given direction to review all customer accounts going back for four years to seek increases in billing.

8.    The Plaintiff cooperated and participated in both internal and external audits and investigations of the CITY's water billing systems.

9.    The Plaintiff refused to lie during those audits and investigations.

3

10. The Plaintiff, from October 2020 through February 2021, sent emails advising the CITY of her concerns about what in her view were practices that constituted malfeasance and misfeasance by the CITY in the handling of water accounts.

11. On December 22nd, 2020 the Plaintiff followed up her prior complaints about what she believed constituted malfeasance and misconduct and wrote and signed complaints to both the City Manager and the Miami-Dade Commission on Ethics explicitly blowing the whistle on malfeasance, illegal and improper conduct. Among other things, the Plaintiff complained about inaccurate water billing and the illegal, improper refusal to return customer water deposits.

12. Subsequent to this, the Plaintiff was subjected to continued harassment, including but not limited to change of duty station and office, humiliation, harassment, changes in work schedule and duties, all of which were adverse and let to her constructive discharge.

13. All conditions precedent to bringing these claims, including exhaustion of administrative remedies, have either been performed, excused, waived or would otherwise be futile.

14. Plaintiff has retained the services the undersigned counsel for prosecution of this matter and is obligated to pay reasonable fee for such services.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff re-alleged the allegations set forth in paragraphs 1 through 14 above as though fully set forth herein:

15. Plaintiff is an employee as that term is defined under the FMLA, 29 U.S.C. § 2601, *et seq*. and the CITY, is her employer as that term is defined.

16. Plaintiff is entitled to certain benefits under the FMLA, including medical leave to care for her family.

4

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

17. The CITY denied her that benefit despite proper notice and request.

18. As a result of the CITY's illegal actions, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that the Court enter a judgment in her favor finding that the CITY violated the FMLA and award her any and all damages, including compensatory, liquidated, and statutory damages, together with any and all declaratory and injunctive relief as allowed by law. Plaintiff further requests an award of attorneys' fees and costs against the Defendant CITY and any and all other relief that the Court deems just and proper.

## COUNT II
## RETALIATION UNDER 29 U.S.C. 215(a)(3)

Plaintiff re-alleged the allegations set forth in paragraphs 1 through 14 above as though fully set forth herein.

19. Section 15(a)(3) of the FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is above to serve on an industry committee."

20. The Eleventh Circuit has adopted a broad construction of the FLSA's anti-retaliation and held that unofficial complaints expressed by employees to their employer constitute an assertion of rights protected under the statute. *See e.g., Hankins v. AirTran Airways, Inc.,* 237 Fed. Appx. 513 (11th Cir. 2007); *E.E.O.C. v. White and Son Enterprises*, 881 F.2d 1006 (11th Cir. 1989).

21. Because Section 15(a)(3) prohibits "any person" from retaliating against "any employee," the protection applies to all employees of an employer even in those instances in which the employee's work and the employer are not covered by the FLSA.

5

22.     As a result of Plaintiff's complaints, Plaintiff's hours were reduced, the CITY changed her duties, moved her work station, and denied her leave benefits despite proper notice and request.

23.     CITY is an employer within the meaning of Section 203(d) of the FLSA in that it acted directly in its interests and is a public agency.

24.     CITY's retaliatory conduct violated Section 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the same.

25.     As a direct and proximate consequence of the CITY's intentional, unlawful, and retaliatory employment policies and practices, Plaintiff has suffered, and continues to suffer, monetary damages, including but not limited to, expenses and fees incurred and continuing to be incurred bring this cause of action.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3), together with reasonable attorney's fees and costs of suit, and for any and all other proper relief allowed under the FLSA.

## COUNT III
### VIOLATION OF FLORIDA WHISTLEBLOWER STATUTE

Plaintiff re-alleged the allegations set forth in paragraphs 1 through 14 above as though fully set forth herein.

26.     The CITY is an agency, a term defined by Section 112.3187(3)(a), Florida Statutes.

27.     Plaintiff is an employee as that is defined by Section 112.3187(3)(b), Florida Statutes.

28.     The CITY took adverse personnel action against the Plaintiff, as the term is defined by Section 112.3187(3)(c), Florida Statutes.

29.     The actions that were taken against Plaintiff included reducing her hours, changing

6

REINER & REINER, P.A.
ONE DATRAN CENTER ⬥ 9100 SOUTH DADELAND BLVD ⬥ SUITE 901 ⬥ MIAMI ⬥ FLORIDA ⬥ 33156 ⬥ TEL: 305 670-8282 ⬥ FAX: 305 670-8989

her duties, moving her work station, and denying her leave as per the FMLA.

30. The prohibitive actions were taken because the Plaintiff disclosed information, as defined by Section 112.3187(5), Florida Statutes.

31. Specifically, Plaintiff participated in an investigation and other inquiry conducted by an agency of the State and local governments.

32. In addition, Plaintiff refused to participate in unethical, illegal, and inappropriate violations of Federal, State, and local laws, rules, regulations, and policies, and disclosed to CITY officials and officers such violations and misrepresentations.

**WHEREFORE**, Plaintiff is requesting immediate reinstatement to her full-time position, with full pay including back pay and front pay, benefits, compensation, senior rights, and any lost income and compensatory damages. Plaintiff is additionally seeking immediate payment of her attorney's fees and costs.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all matters so triable as of right.

Respectfully submitted,

| | |
|---|---|
| **MICHAEL A. PIZZI, JR., P.A.**<br>**MICHAEL A. PIZZI, JR.** FBN 07945<br>6225 Miami Lakes Drive, Suite 316<br>Miami Lakes, FL 33014<br>Tel: (305) 777-3800; Fax: (305) 777-3802<br>mpizzi@pizzilaw.com | **REINER & REINER, P.A.**<br>9100 So. Dadeland Boulevard, Ste. 901<br>Miami, Florida  33156-7815<br>Tel: 305.670.8282; Fax: 305.574.0810<br>dpr@reinerslaw.com; lmc@reinerslaw.com<br>eservice@reinerslaw.com<br><br>By:_____<br>DAVID P REINER, II, ESQ.; FBN 416400<br>LAUREN M. CABRERA; FBN: 1025276 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 16, 2021,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
**DAVID P. REINER, II**; FBN 416400
*Counsel for Plaintiff*
9100 So. Dadeland Boulevard, Ste. 901
Miami, Florida 33156-7815
Tel: 305.670.8282; Fax: 305.574.0810
dpr@reinerslaw.com
eservice@reinerslaw.com

By: _____
     DAVID P REINER, II, ESQ.

*W:\200\29847  Ann Barnett v Opa Locka\Barneett Amended Complaint Final01.docx*