**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21075-BLOOM/Otazo-Reyes**

ANN BARNETT,

    Plaintiff,

v.

CITY OF OPA-LOCKA, FLORIDA,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant City of Opa-Locka's Motion to Dismiss Counts I and II of Second Amended Complaint, ECF No. [34] ("Motion"). Plaintiff Ann Barnett filed a Response to the Motion, ECF No. [38] ("Response"), to which Defendant filed a Reply, ECF No. [39] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.  BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant on February 15, 2021. ECF No. [1-2]. Plaintiff filed her first Amended Complaint on April 16, 2021, asserting the following claims for relief: violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Count I); retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3) (Count II); and violation of the Florida Whistle-blower's Act, Fla. Stat. § 112.3187(3) (Count III). *See generally* ECF No. [13] ("First Amended Complaint").

On May 7, 2021, Defendant filed a Motion to Dismiss Amended Complaint, ECF No. [19] ("Motion to Dismiss"), seeking dismissal of the First Amended Complaint in its entirety. Defendant then filed a Motion to Stay Proceedings, ECF No. [23] ("Motion to Stay"), requesting that the Court stay this action pending the disposition of Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Thereafter, by agreement of the parties, the Court granted the Motion to Stay and denied the Motion to Dismiss as moot. ECF No. [26] ("Order"). In that Order, the Court permitted Plaintiff to file a Second Amended Complaint upon receiving a right to sue letter from the EEOC. *Id.*

On December 8, 2021, Plaintiff filed the operative Second Amended Complaint. ECF No. [28] ("Amended Complaint"). According to the Amended Complaint, Plaintiff, a woman of Bahamian descent, was employed in Defendant's water customer billing department for over eight years. *Id.* ¶¶ 7-8. During her employment, Plaintiff reported, among other things, that Defendant overbilled residents and businesses, attempted to retroactively increase and inflate water bills, and failed to credit many accounts for overpayments. *Id.* ¶ 9. From October 2020 through February 2021, Plaintiff sent written complaints advising Defendant of her concern that its handling of the water accounts "constituted malfeasance and misfeasance." *Id.* ¶ 12. On December 22, 2020, Plaintiff sent follow-up complaints to the City Manager and Miami-Dade Commission on Ethics regarding Defendant's "malfeasance, illegal and improper conduct"—namely, Defendant's "inaccurate water billing" and its "illegal, improper refusal to return customer water deposits." *Id.* ¶ 13. Following her complaints, Plaintiff was subject to "continued harassment, including but not limited to change of duty station and office, humiliation, harassment, changes in work schedule and duties, all of which were adverse and let [sic] to her constructive discharge." *Id.* ¶ 14.

Additionally, on multiple occasions, Defendant's Utilities Billing Manager ("Manager"), "began to touch and further physically harass Plaintiff." *Id.* ¶ 15. Specifically, the Manager had a habit of touching and rubbing Plaintiff's face, back and shoulders. *Id.* ¶ 28. Plaintiff addressed the Manager about the unwarranted advances and improper touching, but the Manager did not stop and continued to harass Plaintiff. *Id.* ¶¶ 16-17. Plaintiff also complained to Defendant's human resources department about the Manager's conduct, but they made no effort to stop the advances. *Id.* ¶ 18. The ongoing sexual advances and improper touching were unwelcomed and created a hostile work environment—the more Plaintiff complained, the more her employment conditions deteriorated. *Id.* ¶¶ 19-20, 29.

Further, Defendant began hiring younger employees to complete the same job responsibilities as Plaintiff. *Id.* ¶ 21. These employees were given better pay, treatment, and benefits than Plaintiff. *Id.* ¶¶ 22, 26. At this time, Plaintiff had been demoted and had her benefits taken away. *Id.* ¶¶ 22, 27. Defendant also began to retaliate against Plaintiff in response to her complaints and discriminate against Plaintiff due to her age, national origin, and gender. *Id.* ¶¶ 23-24, 30-33. Plaintiff was constructively discharged on February 18, 2021. *Id.* ¶ 25.

Based on the foregoing, Plaintiff asserts the following claims for relief: violation of the FMLA (Count I); retaliation under the FLSA (Count II); violation of the Florida Whistle-blower's Act (Count III); employment discrimination based on gender in violation of Title VII (Count IV); employment discrimination based on national origin in violation of Title VII (Count V); retaliation in violation of Title VII (Count VI); and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") (Count VII). *See generally id.*

Defendant now seeks dismissal of Counts I and II of the Amended Complaint for failure to state a claim. *See generally* ECF No. [34].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court, in considering a Rule 12(b)(6) motion, "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield*

4

of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)); see also Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing Horsley v. Feldt, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III. DISCUSSION

#### A. Count I – FMLA Interference

Defendant first seeks dismissal of Count I for violation of the FMLA. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). "To preserve the availability of [family and medical leave] rights, and to enforce them, the FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act[,] and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Shanks v. Potter, No. CV-110-045, 2010 WL 8347107, at *5 (S.D. Ga. Dec. 28, 2010), aff'd, 451 F. App'x 815 (11th Cir. 2011) (quoting Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1206 (11th Cir. 2001)) (internal quotation marks omitted).

To state a claim of interference under the FMLA, an "employee must allege that [s]he was entitled to a benefit under the FMLA and was denied that benefit." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1247 (11th Cir. 2015) (citing Strickland, 239 F.3d at 1206-07). Additionally, to state a claim of retaliation under the FMLA, an employee must allege that: "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." Strickland, 239 F.3d at 1207.

Defendant argues that dismissal of the FMLA claim is warranted because the Amended Complaint "does not specify whether the [Defendant] allegedly interfered with or retaliated against Plaintiff in purported violation of the FMLA." ECF No. [34] at 3. Specifically, Defendant maintains that the Amended Complaint sets forth only "generalized allegations" and fails to specify "when Plaintiff requested FMLA leave, when or how Plaintiff was allegedly denied FMLA leave, or when and/or how Plaintiff was retaliated against for exercising any right allegedly protected under the FMLA." *Id.* In response, Plaintiff maintains that "Defendant relies heavily on summary judgment case law in order to misstate Plaintiff's alleged burden on a motion to dismiss." ECF No. [38] at 3. Plaintiff further explains that the "Amended Complaint states a relatively simple FMLA interference claim" and "provides enough factual information to provide Defendant with adequate notice to meet the Federal notice pleading standard." *Id.*

Upon review, the Court agrees that the Amended Complaint fails to set forth sufficient facts to support Plaintiff's alleged FMLA interference claim. Indeed, aside from the formulaic recitation of the elements of a FMLA interference claim, the Amended Complaint is devoid of factual allegations regarding the circumstances surrounding the claim, such as when Plaintiff requested FMLA leave and when her request for FMLA leave was denied. *See Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018) ("[B]esides actually qualifying for FMLA leave, employees must show they gave 'appropriate notice to assert a valid interference or retaliation claim." (quoting *Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1167 (11th Cir. 2014))). In sum, the Amended Complaint fails to set forth the nature of Plaintiff's FLSA interference claim. Accordingly, the Motion is granted as to Count I.

### B. Count II – FLSA Retaliation

Defendant also seeks dismissal of Plaintiff's FLSA retaliation claim. The retaliation provision of the FLSA makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has *filed* any complaint or *instituted* or caused to be instituted *any proceeding* under or related to this chapter[.]" 29 U.S.C § 215(a)(3) (emphasis added). To plead a FLSA retaliation claim, a plaintiff must allege that: "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997)) (alteration adopted).

Defendant argues that dismissal of the FLSA retaliation claim is warranted because the "Amended Complaint is devoid of factual allegations establishing how or when Plaintiff allegedly exercised any right protected by the FLSA itself." ECF No. [34] at 4. Additionally, according to Defendant, the Amended Complaint also "fails to identify any purported activity protected by the FLSA or when Plaintiff allegedly suffered any adverse employment action associated with any [unidentified] complaints or activity allegedly protected by the FLSA." *Id.*

In response, Plaintiff again contends that Defendant misstates her burden at the pleading stage and the Amended Complaint "provides enough factual information of the facts to provide Defendant with adequate notice to meet the Federal notice pleading standard[.]" ECF No. [38] at 4. Specifically, Plaintiff maintains that the "Amended Complaint simply states that the Defendant retaliated . . . against her for a host of complaints . . . in violation of the FLSA[.]" *Id.* (citing ECF No. [28] ¶¶ 9, 15-34, 45) (internal citations omitted). Plaintiff avers that the "complaints to her supervisor and the [Defendant] (in addition to complaints about illegal conduct, hostile workplace,

and sexual harassment) included complaints related to the adverse changes to the terms and conditions of Plaintiffs employment (i.e., reduction hours, change in duties, relocation of workspace)." *Id.* at 4-5.

Upon review, the Court agrees that Count II is due to be dismissed. Here, the Amended Complaint alleges that Plaintiff suffered adverse employment actions due to her "complaints" about illegal conduct, hostile workplace, and sexual harassment. ECF No. 28 ¶¶ 9, 15-34, 45. However, missing from the Amended Complaint are allegations regarding a sufficient "complaint" to implicate the FLSA retaliation provision. *See generally id.*; *see also Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *8 (S.D. Fla. July 28, 2011) ("Protected activity within the meaning of the FLSA includes filing a complaint alleging FLSA violations, instituting a FLSA proceeding, or providing (or about to provide) testimony in a FLSA proceeding."); *Pirowskin v. Atl. & Pac. Ass'n Mgmt., Inc.*, No. 20-cv-21380, 2020 WL 2322920, at *4 (S.D. Fla. May 11, 2020) (granting motion to dismiss where plaintiff "fail[ed] to set forth allegations regarding a sufficient 'complaint' to implicate the FLSA retaliation provision" and "any facts giving rise to a plausible inference that her 'complaints' were the but for cause of [plaintiff's] discharge."). Accordingly, the Motion is granted as to Count II.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [34]**, is **GRANTED**.
2. Counts I and II of the Amended Complaint, ECF No. [28], are **DISMISSED**.

Case No. 21-cv-21075-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record