## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:   21-cv-21075

**ANN BARNETT,**

       Plaintiff,

vs.

**CITY OF OPA-LOCKA,**
**FLORIDA,**

       Defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

### TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**
    **1.1 General Preliminary Instruction**
    **1.2 Burden of Proof - Clear and Convincing Evidence**
    **1.4 Jury Questions**
    **1.5 Interim Statements**
**TRIAL INSTRUCTIONS**
    **2.1 Stipulations**
    **2.2 Use of Depositions**
    **2.7 In-Trial Instructions on News Coverage**
**BASIC INSTRUCTIONS**
    **3.1 Introduction**
    **3.2.3 Duty to Follow Instructions - Government Entity or Agency Involved**
    **3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**
    **3.4 Credibility of Witnesses**
    **3.5.1 Impeachment of Witnesses because of Inconsistent Statements**
    **3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**
    **3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**
**CLAIMS INSTRUCTIONS**
    **COUNT III - Florida Public Whistleblower's Act**
    **COUNT IV - 4.6 Title VII - Civil Rights Act - Workplace Harassment by Supervisor - No Tangible Employment Action Taken (with Affirmative Defense by Employer)**
**BASIC INSTRUCTIONS**
    **3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**
    **3.9 Election of Foreperson Explanation of Verdict Form[s]**

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Ann Barnett, brings two claims against the Defendant, the City of Opa-Locka, Florida. First, Ms. Barnett claims the City violated the Florida Public Whistleblower's Act by retaliating against her for (1) disclosing illegal acts, policies, and procedures regarding the City's water utility billing, (2) participating in an investigation and/or inquiry conducted by state and local government officials into the City's water utility billing, and (3) refusing to participate in illegal acts, policies, and procedures regarding the City's water utility billing. *First, Ms. Barnett claims that the City violated the Florida Public Whistleblower's Act by retaliating against her for allegedly submitting two claimed whistleblower letters to City Manager John Pate and Miami-Dade Commission on Ethics Executive Director Jose Arrojo authored by her attorney.*

Second, Ms. Barnett claims the City violated Title VII of the Civil Rights Act by discriminating against her because of her gender, allowing Ms. Barnett's supervisor to create a hostile work environment through sexual harassment. The City denies those claims and contends that Plaintiff never engaged in any protected activity, never incurred any adverse employment action, and voluntarily resigned from her employment. The City further contends that Plaintiff did not incur any

4

claimed hostile work environment and otherwise failed to report any claimed hostile work environment in accordance with City policy and procedure.

Burden of proof:

Ms. Barnett has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Ms. Barnett must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Barnett and the evidence favoring the City on opposite sides of balancing scales, Ms. Barnett needs to make the scales tip to her side. If Ms. Barnett fails to meet this burden, you must find in favor of the City.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the City has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the City must prove for any affirmative defense. After considering all the evidence, if you decide that the City has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology or social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Ms. Barnett will present her witnesses and her attorney will ask them questions. After Ms. Barnett's attorney questions the witness, the City's attorney may ask the witness questions – this is called "cross-examining" the witness. Then the City will present its witnesses, and Ms. Barnett may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**Authority:  11th Circuit Pattern Jury Instruction 1.1**

## 1.2 Burden of Proof – Clear and Convincing Evidence[1]

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Authority:  11th Circuit Pattern Jury Instruction 1.2**

---

[1] *The City objects to the inclusion of this instruction. It is inapplicable and the wrong standard.*

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority:  11th Circuit Pattern Jury Instruction 1.4**

**1.5 <u>Interim Statements</u>[2]**

<u>At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.</u>

**Authority:  11th Circuit Pattern Jury Instruction 1.5**

---

[2] *The City objects to the inclusion of this statement.*

1

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority:  11th Circuit Pattern Jury Instruction 2.1**

**2.2 Use of Depositions**[3]

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Authority:  11th Circuit Pattern Jury Instruction 2.2**

---

[3] *The City objects to this instruction as irrelevant and otherwise inapplicable. Neither party has designated any depositions for use at trial.*

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial [or about this incident] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Authority:  11th Circuit Pattern Jury Instruction 2.7**

**3.1 Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your discussions,

sometimes called deliberations.

**Authority:  11th Circuit Pattern Jury Instruction 3.1**

**3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**Authority:  11th Circuit Pattern Jury Instruction 3.2.3**

**3.3 Consideration of Direct and Circumstantial Evidence;**
  **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority:  11th Circuit Pattern Jury Instruction 3.3**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**Authority:  11th Circuit Pattern Jury Instruction 3.4**

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority:  11th Circuit Pattern Jury Instruction 3.5.1**

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Ms. Barnett, to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

There are two claims in this case, and you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Authority:  11th Circuit Pattern Jury Instruction 3.7.1**

**3.7.2 Responsibility for Proof – Affirmative Defense**
     **Preponderance of the Evidence**

In this case, the City of Opa-Locka asserts the affirmative defense that Ann Barnett was never constructively discharged and that she voluntarily quit. The City of Opa-Locka additionally asserts the affirmative defense that Plaintiff failed to report the claimed existence of any claimed hostile work environment in accordance with City policy and procedure. Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**Authority:  11th Circuit Pattern Jury Instruction 3.7.2**
               ***11th Circuit Pattern Jury Instruction 4.23***

## Count III – The Florida Public Whistle-Blower's Act[4]

Ms. Barnett claims the City violated the Florida Public Whistleblower's Act by retaliating against her for (1) disclosing illegal acts, policies, and procedures regarding the City's water utility billing, (2) participating in an investigation and/or inquiry conducted by state and local government officials into the City's water utility billing, and (3) refusing to participate in illegal acts, policies, and procedures regarding the City's water utility billing. Ms. Barnett alleges that, in retaliation, the City constructively terminated Ms. Barnett causing her damages.

The City denies that claim, and has asserted defenses which I will describe shortly.

The Plaintiff must prove her claim and the Defendant must prove its defense by the greater weight of the evidence.

The Florida Public Whistle-blower's Act prohibits an employer from retaliating against an employee for engaging in protected activity. In order to establish the claim for violation of the Florida Public Whistle-blower's Act, the Plaintiff must prove by the greater weight of the evidence:

**First**:     That Ms. Barnett engaged in statutorily protected activity, that is, that Ms. Barnett in good faith reported objectively reasonable violations or suspected violations of any federal, state, or local laws, rules, or regulations, or refused to participate in an employer's unlawful practice;

---

[4] *The City objects to this entire whistleblower instruction as it does not apply or lay out the appropriate standards and elements of proof. The City proposes its alternate instruction below in italicized.*

**Second**:        That an adverse employment action then occurred;

**Third**:        That the adverse employment action was causally related to Ms. Barnett's reporting violations or suspected violations of any federal, state, or local laws, rules, or regulations, or refusing to participate in an employer's unlawful practice.

**Fourth**:        That Ms. Barnett suffered damages as a proximate or legal result of such adverse employment action.

I will now define some of the terms you will use in deciding this claim.

In this case, the alleged adverse employment action is that Plaintiff's employment was constructively terminated by the Defendant. Constructive termination occurs where working conditions are so intolerable that a reasonable person in her position would have been compelled to resign.

**Protected activity** is disclosing, in a signed and written complaint, any violation or suspected violation of any state law committed by an employee of an agency which creates and presents a substantial and specific danger to the public's health, safety or welfare. Protected activity may also constitute refusing to participate in an employer's unlawful practice, or disclosing information while part of a government investigation or inquiry. In addition, in order to constitute protected activity, the information must be disclosed to the City's chief executive officer or other appropriate local official.

For an adverse employment action to be causally related to statutorily protected activities it must be shown that, but for the protected activity, the adverse

employment action would not have occurred. Or stated another way, it must be shown that the protected activity by Ms. Barnett was a substantial, motivating cause that made a difference in the City's employment-decisions.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee reported violations or suspected violations of any federal, state, or local laws, rules, or regulations, or opposed an employer's unlawful practice. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the City even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in Ms. Barnett's favor with respect to each of the facts that she must prove, you must then decide whether the City has shown by the greater weight of the evidence that Ms. Barnett would have been terminated even in the absence of the statutorily protected activity.

If you find that Ms. Barnett would have been dismissed for reasons other than the statutorily protected activity, then your verdict should be for the City.

However, if the greater weight of the evidence supports the claim of Ms. Barnett, then you shall consider the defenses raised by the City.

[DEFENDANT'S DEFENSES HERE]

If the greater weight of the evidence supports the defense, your verdict should be for the City. However, if the greater weight of the evidence does not support the defense, your verdict should be for Ms. Barnett and against the City.

If you find for the Plaintiff and against the City on its defense, you must then decide the issue of the Plaintiff's damages. You should consider the following elements of damage, to the extent you find them proved by the greater weight of the evidence, and no others:

(a)    "Back pay" consisting of net lost wages and benefits back to the date of Plaintiff's discharge or termination from employment.

(b)    "Front pay" consisting of net lost wages and benefits from the date of your verdict until a reasonable time into the future.

To determine the amount of Ms. Barnett's back pay and front pay, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost. To determine a reasonable amount of time for Ms. Barnett's front pay, you may consider the number of years until Ms. Barnett reaches the age of retirement, and how long Ms. Barnett would have continued to work for the City if not for the circumstances of this case. Courts have found front pay in the amount of 5-8 years to be reasonable, but you should only consider what is reasonable in light of the specific circumstances of this case in rendering your decision.

4

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Barnett to be reasonably diligent in seeking substantially equivalent employment to the position she held with the City. To prove that Ms. Barnett failed to mitigate damages, the City must prove by a preponderance of the evidence that (1) work comparable to the position Ms. Barnett held with the City was available, and (2) Ms. Barnett did not make reasonably diligent efforts to obtain it. If, however, the City shows that Ms. Barnett did not make reasonable efforts to obtain any work, then the City does not have to prove that comparable work was available.

If you find that the City proved by a preponderance of the evidence that Ms. Barnett failed to mitigate damages, then you should reduce the amount of Ms. Barnett's damages by the amount that could have been reasonably realized if Ms. Barnett had taken advantage of an opportunity for substantially equivalent employment.

[DEFENDANT'S DEFENSES AS TO DAMAGES HERE]

If the greater weight of the evidence supports the City's claim that _____ , then you should reduce any damages you award to Ms. Barnett by the amount that _____ .

5

If however, the greater weight of the evidence does not support the City's claim that _____, then your verdict should be for Ms. Barnett in the total amount of her damages.

**Authority: Florida Standard Jury Instructions, 418.2, 418.4, 418.7, 418.8, 418.10, and 418.12; Section 112.3187, Florida Statutes;** *Taylor v. Public Employees Relations Commission***, 878 So.2d 421 (Fla. 4th DCA 2004);** *Poole v. Country Club of Columbus, Inc.***, 129 F.3d 551, 553 (11th Cir. 1997) (definition of constructive discharge);** *Carl v. Fulton County, Georgia***, 2013 WL 12357465 \*11 (N.D. GA March 31, 2013) (factors in consideration of front pay).**

## RETALIATION – FLORIDA WHISTLE-BLOWER'S ACT

*The first claim you must decide is whether the City of Opa-Locka violated the Florida Whistle-blower's Act by causing Ann Barnett's alleged constructive discharge from employment because she engaged in alleged protected activity and, if so, whether the alleged constructive discharge was a legal cause of loss, injury, or damage to Ann Barnett.*

*In this case, Ann Barnett claims the City violated the Florida Public Whistleblower's Act by retaliating against her for allegedly submitting two claimed whistleblower letters to City Manager John Pate and Miami-Dade Commission on Ethics Executive Director Jose Arrojo authored by her attorney. Ann Barnett alleges that, in retaliation, the City constructively terminated her causing her damages.*

*The Florida Whistle-blower's Act prohibits an employer from taking any retaliatory action against an employee because the employee has disclosed alleged violations or suspected violations of any federal or state law.*

*The City of Opa-Locka denies that it constructively discharged Ann Barnett from her employment at the City and claims that Ann Barnett voluntarily quit.*

*To succeed on her claim, Ann Barnett must prove each of the following facts by the greater weight of the evidence:*

*First:      Ann Barnett engaged in protected activity by allegedly*

7

*submitting two claimed whistleblower letters to City Manager John Pate and Miami-Dade Commission on Ethics Executive Director Jose Arrojo authored by her attorney;*

*Second:*    *The City of Opa-Locka then constructively discharged Ann Barnett;*

*Third:*    *The City of Opa-Locka constructively discharged Ann Barnett because of Ann Barnett's protected activity; and*

*Fourth:*    *Ann Barnett suffered damages because of the constructive discharge.*

*In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues. For the first element, Ann Barnett claims that she engaged in protected activity by allegedly submitting two claimed whistleblower letters to City Manager John Pate and Miami-Dade Commission on Ethics Executive Director Jose Arrojo authored by her attorney. If you find that Ann Barnett reported to the City of Opa-Locka that the City of Opa-Locka had engaged in conduct which violated the law, that action is "protected activity."*

*For the second element, Ann Barnett claims that the City of Opa-Locka constructively discharged her from her employment with the City. Put another way, Ann Barnett claims that she left her job because the hostile work environment made her working conditions intolerable.*

*The City of Opa-Locka denies that it constructively discharged Ann Barnett and claims that Ann Barnett voluntarily quit.*

8

To prove constructive discharge, Ann Barnett must prove that the hostile work environment made her working conditions so intolerable that a reasonable person in her position would have felt compelled to resign.

If you find that the City of Opa-Locka constructively discharged Ann Barnett, you may award Ann Barnett lost wages and benefits caused by the constructive discharge. If you find that Ann Barnett was not constructively discharged, you may not award Ann Barnett lost wages and benefits due to the loss of employment.

For the third element, if you find that Ann Barnett engaged in protected activity and that the City of Opa-Locka constructively discharged Ann Barnett, you must decide whether the City of Opa-Locka constructively discharged Ann Barnett because of her protected activity. Put another way, you must decide whether Ann Barnett's protected activity was the main reason for the City of Opa-Locka's constructive discharge of Ann Barnett.

To determine that the City of Opa-Locka constructively terminated Ann Barnett because of Ann Barnett's protected activity, you must find that the City of Opa-Locka would not have caused such constructive discharge had Ann Barnett not engaged in the protected activity but everything else had been the same

As I have explained, Ann Barnett has the burden to prove that the City of Opa-Locka's constructive discharge of Ann Barnett was because of her protected activity.

For the fourth element, you must decide whether the City of Opa-Locka's acts were the proximate cause of damages that Ann Barnett sustained. Put another way, you must decide, if the City of Opa-Locka had not constructively discharged Ann Barnett, would these damages have occurred?

If you find that the City of Opa-Locka's acts were the proximate cause of damages that Ann Barnett sustained, you must determine the amount of damages.

When considering the issue of Ann Barnett's compensatory damages, you should determine what amount, if any, has been proven by Ann Barnett by the greater weight of the evidence as full, just and reasonable compensation for all of Ann Barnett's damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the City of Opa-Locka. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ann Barnett has proved them by the greater weight of the evidence, and no others:

(a)     net lost wages and benefits from the date of discharge to the date of your verdict.

10

To determine the amount of Ann Barnett's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ann Barnett to be reasonably diligent in seeking substantially equivalent employment to the position she held with the City of Opa-Locka. To prove that Ann Barnett failed to mitigate damages, the City of Opa-Locka must prove by the greater weight of the evidence that: (a) work comparable to the position Ann Barnett held with the City of Opa-Locka was available; and (b) Ann Barnett did not make reasonably diligent efforts to obtain it. If, however, the City of Opa-Locka shows that Ann Barnett did not make reasonable efforts to obtain any work, then the City of Opa-Locka does not have to prove that comparable work was available.

If you find that the City of Opa-Locka proved by the greater weight of the evidence that Ann Barnett failed to mitigate damages, then you should reduce the amount of Ann Barnett's damages by the amount that could have been reasonably realized if Ann Barnett had taken advantage of an opportunity for substantially equivalent employment.

11

*Authorities:*

1. *Palm Beach County School Board v. Wright, 217 So. 3d 163 (Fla. 4th DCA 2017)*
2. *Rustowicz v. North Broward Hospital District, 174 So. 3d 414 (Fla. 4th DCA 2015);*
3. *Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil) 4.22*
4. *Eleventh Circuit Court of Appeals, Pattern Jury Instructions (Civil) 4.23*


*GRANTED* _____          *MODIFIED* _____

*DENIED* _____          *WITHDRAWN* _____

## COUNT VI – TITLE VII OF THE CIVIL RIGHTS ACT

For this count, Ms. Barnett claims that the City violated Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms or conditions of employment because of her gender. These statutes prohibit the creation of a hostile work environment caused by harassment because of an employee's gender.

Specifically, Ms. Barnett claims that her supervisor harassed her because of her gender and that the harassment created a hostile work environment.

The City denies Ms. Barnett's claims and asserts that Ms. Barnett never incurred any claimed hostile work environment and otherwise failed to report the claimed existence of any claimed hostile work environment in accordance with City policy and procedure..

To succeed on her claim against the City, Ms. Barnett must prove each of the following facts by a preponderance of the evidence:

First:     Ms. Barnett's supervisor harassed her because of her gender;

Second: The harassment created a hostile work environment for Ms. Barnett; and

Third:   Ms. Barnett suffered damages because of the hostile work environment.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

13

A "hostile work environment" created by harassment because of gender exists

if:

(a) Ms. Barnett was subjected to offensive acts or statements about gender – even if they were not specifically directed at her;

(b) Ms. Barnett did not welcome the offensive acts or statements, which means that Ms. Barnett did not directly or indirectly invite or solicit them by her own acts or statements;

(c) the offensive acts or statements were so severe or pervasive that they materially altered the terms or conditions of Ms. Barnett's employment;

(d) a reasonable person – not someone who is overly sensitive – would have found that the offensive acts or statements materially altered the terms or conditions of the person's employment; and

(e) Ms. Barnett believed that the offensive acts or statements materially altered the terms or conditions of her employment.

To determine whether the conduct in this case was "so severe or pervasive" that it materially altered the terms or conditions of Ms. Barnett's employment, you should consider all the circumstances, including:

(a) how often the discriminatory conduct occurred;

(b) its severity;

(c) whether it was physically or psychologically threatening or humiliating; and

(d) whether it unreasonably interfered with Ms. Barnett's work performance.

A "material alteration" is a significant change in conditions. Conduct that amounts only to ordinary socializing in the workplace does not create a hostile work environment. A hostile work environment will not result from occasional horseplay, offhand comments, simple teasing, sporadic use of offensive language, or occasional jokes related to gender. But discriminatory intimidation, ridicule, insults, or other verbal or physical conduct may be so extreme that it materially alters the terms or conditions of employment.

If you find that Ms. Barnett's supervisor harassed her because of her gender, and that the harassment created a hostile work environment, then you must decide whether she suffered damages as a result. If the damages would not have existed except for the hostile work environment, then you may find that Ms. Barnett suffered those damages because of the hostile work environment.

**Including Affirmative Defense:** If you find that Ms. Barnett suffered damages because of the hostile work environment, you must decide whether the City has established its affirmative defense(s).

To succeed on its affirmative defense(s), the City must prove each of the following facts by a preponderance of the evidence:

First:   The City exercised reasonable care to prevent and promptly correct any harassing behavior because of gender in the workplace; and

Second: Ms. Barnett either unreasonably failed to take advantage of preventive or corrective opportunities the City provided to

avoid or correct the harm, or took advantage of the City's preventative or corrective opportunities and the City responded by taking reasonable and prompt corrective action.

To determine whether the City exercised reasonable care, you may consider whether:

(a) the City created an explicit policy against harassment because of gender in the workplace;

(b) the City communicated the policy to its employees; and

(c) the policy provided a reasonable process for Ms. Barnett to complain to higher management.

To determine whether Ms. Barnett unreasonably failed to take advantage of a preventive or corrective opportunity the City provided, you may consider, for example, whether Ms. Barnett unreasonably failed to follow a complaint procedure the City provided.

If you find that the City established its affirmative defense(s), you must indicate that on the verdict form, and you will not decide the issue of Ms. Barnett's damages. If you find that the City did not establish its affirmative defense, you must decide the issue of Ms. Barnett's compensatory damages.

When considering the issue of Ms. Barnett's compensatory damages, you should determine what amount, if any, has been proven by Ms. Barnett by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Barnett's damages as a result of the hostile work environment, no more and no

less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the City. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Barnett has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits to the date of your verdict; and

(b) emotional pain and mental anguish.

To determine the amount of Ms. Barnett's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Ms. Barnett should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Ms. Barnett does not have to introduce evidence of a monetary value for intangible things like mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Mitigation of Damages:** You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Barnett to be reasonably diligent in seeking substantially

equivalent employment to the position she held with the City. To prove that Ms. Barnett failed to mitigate damages, the City must prove by a preponderance of the evidence that (1) work comparable to the position Ms. Barnett held with the City was available, and (2) Ms. Barnett did not make reasonably diligent efforts to obtain it. If, however, the City shows that Ms. Barnett did not make reasonable efforts to obtain any work, then the City does not have to prove that comparable work was available.

If you find that the City proved by a preponderance of the evidence that Ms. Barnett failed to mitigate damages, then you should reduce the amount of Ms. Barnett's damages by the amount that could have been reasonably realized if Ms. Barnett had taken advantage of an opportunity for substantially equivalent employment.

**Authority:  11th Circuit Pattern Jury Instruction 4.6**

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:  11th Circuit Pattern Jury Instruction 3.8.1**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority:  11th Circuit Pattern Jury Instruction 3.9**

1

**DAVID P. REINER, II, ESQ.**
REINER & REINER, P.A.
**Attorney for Plaintiff**
9100 South Dadeland Blvd, Suite 901
Miami, FL 33156
dpr@reinerslaw.com
Telephone: 305-670-8282
Fax: 305-670-8989

**MICHAEL PIZZI, JR., ESQ.**
MICHAEL A. PIZZI, P.A.
**Attorney for Plaintiff**
6625 Miami Lakes Drive, Suite 316
Miami Lakes, FL 33014
mpizzi@pizzilaw.com
Telephone: 786-594-3948
Fax: 395-777-3802

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
Stearns@jambg.com
railey@jambg.com
(954) 463-0100 (Phone)